FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2018 APR -6 PM 12:44

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No. |
| v. | ) | 8:18-cv-830-T-36AEP |
| INGEBORG DRILLMANNN, | ) | |
| Defendant. | ) | |

# COMPLAINT

The United States of America brings this suit to reduce to judgment civil penalties assessed against Defendant Ingeborg Drillmann for her willful failure to report her interest in a foreign bank account pursuant to 31 U.S.C. § 5314 and its implementing regulations, as well as penalty, interest, and associated fees that have accrued on them.

### Authorization

1. A delegate of the Secretary of the Treasury has referred this nontax debt to the Department of Justice for collection, in accordance with 31 U.S.C. § 3711(g)(4)(C), and this action is brought at the direction of the Attorney General of the United States.

### Jurisdiction and Venue

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant Drillmann resides in Bradenton, Florida.



**Obligation to Report Interest in Foreign Accounts**

4. Federal law requires every resident or citizen of the United States with "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign county," to report that relationship to the Department of the Treasury annually. 31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

5. To fulfill this requirement, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." For the calendar years at issue, an FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

6. When a person fails to timely file an FBAR reporting a foreign account as required by Section 5314, that person is subject to civil penalties for failing to comply. See 31 U.S.C. § 5321(a)(5). For violations involving the willful failure to report the existence of a foreign account, the maximum penalty is the greater of $100,000 or 50 percent of the balance in the foreign account at the time of the violation.

**Ingeborg Drillmann's Failure to Report Foreign Account**

7. Ingeborg Drillmann was born in Austria and came to the United States in the late 1960s. She became a naturalized United States citizen in 1973. She is the Chief Executive Officer and a shareholder of International Medical Laboratory, Inc., a closely held corporation.

8. On June 20, 1991, Drillmann executed a signature card and Agreement for a numbered account ending 7587 at Union Bank of Switzerland (UBS) ("7587 Account"). The signature card identifies her as the account holder and as having signature authority over the 7587 Account.

9. When she opened the 7587 Account, Drillmann also executed a "Declaration" which instructed UBS to retain all correspondence to her from the bank and from any third party into a folder to be retained at the bank unless she expressly requested that the bank send any such communication to her. In July and December 2008, Drillmann signed confirmation of having received mail at UBS pertaining to the 7587 Account that the bank had held pursuant to her agreement with it.

10. On two separate occasions, on or about February 26, 2002 and in April 2004, Drillmann instructed UBS to invest none of the 7587 account in United States securities.

11. During each of the years 2005 through 2009, the balance of the 7587 Account exceeded $10,000. Records obtained by the IRS reflected a maximum balance in the account for each of those years in the amounts set forth in the table that follows:

| Year | Maximum Balance |
|---|---|
| 2005 | $1,336,528.63 |
| 2006 | $1,687,281.81 |
| 2007 | $2,045,489.67 |
| 2008 | $1,737,587.24 |
| 2009 | $944,745.62 |

12. Drillmann did not report her income from the 7587 Account on her federal individual income tax returns for 2005 through 2008. Altogether, the IRS determined that those returns underreported her income attributable to the 7587 Account by more than $290,000.

13. On January 22, 2009, Drillmann gave UBS written instructions to liquidate the investments in the 7587 Account by giving her checks in Euros for certain amounts and the rest in cash.

14. On or before June 30 of each of the years 2006 through 2010, Drillmann was required to file an FBAR which included her financial interest in the 7587 Account for each of the previous years.

15. Drillmann filed FBAR's for the years 2005 through 2009 reporting another account she held at UBS, but did not include the 7587 Account in those filings.

16. On May 31, 2011, a revenue agent of the IRS interviewed Drillmann. At that interview, her daughter, who was also present, provided a list of Drillmann's foreign and United States financial accounts. The list did not include the 7587 Account. Drillmann represented to the agent that the list was accurate and complete.

17. Drillmann filed amended FBAR's dated October 31, 2011 for 2008 and 2009 and amended FBARs for 2005, 2006, and 2007 dated May 3, 2012. Those amended FBARs included an Austrian account and three other UBS accounts she had not previously reported on her FBARs but did not include the 7587 Account.

18. Drillmann also failed to provide source documents pertaining to the 7587 Account when requested by IRS personnel to do so.

19. Drillmann's actions, including those described in paragraphs 8 through 18 above, show her willfulness in her failure to timely report her financial interest in the 7587 Account.

### Claim for Relief: Reduce Civil Penalty to Judgment

20. On April 12, 2016, a delegate of the Secretary of the Treasury timely assessed civil penalties against Drillmann pursuant to Section 5321(a)(5) of Title 31 for willfully failing to

file timely FBAR's for the years 2005 through 2009 for the 7587 Account in the amounts indicated in the table that follows:

| Year | Penalty Amount |
|---|---|
| 2005 | $521,501.45 |
| 2006 | $497,811.99 |
| 2007 | $476,266.21 |
| 2008 | $100,000.00 |
| 2009 | $100,000.00 |
| **TOTAL** | **$1,695,579.65** |

21.   A delegate of the Secretary of Treasury sent Drillmann notice of the assessment of the FBAR penalties described in paragraph 20 above and made demand for payment.

22.   The IRS has recovered some payments towards Drillmann's assessed penalties, but they have not been paid in full. Interest and statutory additions have accrued as provided by law.

23.   As of April 4, 2018, Drillmann is liable to the United States for $1,876,576.04, which represents the FBAR penalties plus interest, penalty, and associated fees less any credits for payments received. Interest continues to accrue as provided by law on each FBAR penalty until the penalty with interest and other additions is paid in full.

24.   The FBAR assessments against Drillmann were timely because on various dates she executed written consents to extend the limitations period for each of the periods at issue. Drillmann executed the last of those consents on or about December 5, 2015, extending the period to assess for 2005 through 2009 to December 31, 2017.

WHEREFORE, the United States respectfully requests the Court:

a. Enter judgment in favor of the United States and against Ingeborg Drillmann in the amount of $1,876,576.04 as of April 4, 2018 for the civil penalties assessed against her pursuant to 31 U.S.C. § 5321(a)(5), plus interest allowed by law through the date of payment, penalty, and associated fees; and

b. Award the United States its costs in this action and any other relief as may be available under the law.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Michael W. May*
MICHAEL W. MAY,
TX Bar No. 24054882
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1857
Facsimile: (202) 514-9868
michael.w.may@usdoj.gov

Of Counsel:
Maria Chapa Lopez
United States Attorney

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael W. May, Department of Justice--Tax Division,
P.O. Box 14198, Washington, D.C. 20044
(202) 616-1857. michael.w.may@usdoj.gov

## DEFENDANTS
Ingeborg Drillmann

County of Residence of First Listed Defendant: Manatee
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | [X] 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. 5314
Brief description of cause:
Suit to reduce to judgment civil penalty

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,876,576.04
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/05/2018
SIGNATURE OF ATTORNEY OF RECORD: s/Michael W. May

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____